**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-24-01093-001-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Dominik Israel Lopez, | |
| Defendant. | |

Criminal defendant Dominik Israel Lopez was convicted of and sentenced for distributing fentanyl. (Docs. 72, 74.) He agreed as part of his plea agreement to pay restitution to the victims he harmed, which in this case included the next-of-kin of "R.B.," who died after taking fentanyl Lopez supplied. (Doc. 6-7.) Although the parties agreed on several items of restitution and the court ordered those amounts paid, they disagreed on two sets of expenses: those the victim's family incurred in hiring a private investigator between when the police closed their investigation and the Drug Enforcement Administration ("DEA") opened theirs; and travel expenses to attend a restitution hearing the court canceled at the last minute. (Doc. 81; Doc. 90 ("Tr.") at 6, 41, 54.) The court adds the family's travel expenses for the canceled hearing ($814) to the uncontested $10,373.48 in restitution the court has already ordered but denies the request for private investigator fees.

/

/

I.      **Relevant Facts**

When Lopez was sentenced in November 2025, the parties were still trying to work out the details of a restitution amount and asked the court to set a restitution hearing in the future. (Doc. 78 at 37.) That hearing was later set for February 9, 2026, at 2:30 p.m., but was canceled that morning of February 9 and rescheduled for April 2026. (Docs. 72, 76, 82.) Between sentencing and the restitution hearing, the parties agreed that $6,476.61 in funeral and travel expenses was properly payable. (Doc. 81 at 1.) Lopez agreed at the hearing that additional travel expenses totaling $3,896.87 should also be included in the restitution order. (Tr. at 7, 41, 54.) That left two amounts contested: those incurred when the family hired a private investigator, and those for the family's travel to Arizona to attend the February 9 hearing that was rescheduled. (Tr. at 54.) The parties presented evidence and argument on those amounts at the restitution hearing.

As to the private investigator, the Gilbert Police Department ("PD") had initially investigated R.B.'s death but closed its investigation in June 2020. (Tr. at 22, 37-38, 45-46; Doc. 89 at 3.) Disappointed with that result, the family hired a lawyer and a private investigator after the police returned R.B.'s phone to them. (Tr. at 15-16, 26-28.) Among other tasks, the private investigator had the cell phone forensically analyzed and generated a report about its contents. (Tr. at 17.) The family then shared that report with the DEA, which used it to initiate the federal investigation that led to Lopez's conviction. (Tr. at 18, 32, 40.) The private investigator worked for the family between November 2020 and May 2021, and his fees amounted to $10,933.15. (Tr. at 20, 23-24.) Of that, the only amount itemized was $2,750 for the forensic phone download. (Ex. 7 at 4.) The DEA had to conduct its own "independent investigation" regardless of the private investigator's report, including repeating the forensic cell phone extraction. (Tr. at 38-39.)

As to the February hearing, the family lives in California and had boarded a flight to Phoenix, planning to attend, early in the morning of February 9. (Tr. at 28.) Due to an emergency in the judge's family, the courtroom deputy contacted counsel at 8:33 a.m.— approximately six hours before the hearing time—to let them know the hearing needed to

be rescheduled. (Tr. at 41-42.) The victim's family received the message only after they landed in Phoenix. (Tr. at 28.) Their travel expenses for that canceled hearing totaled $814.00. (Tr. at 9.)

The court held a restitution hearing in April 2026. (Doc. 82.) At the end of that hearing, the court ordered the uncontested amount of $10,373.48 to be paid and required supplemental briefing from the parties regarding the contested expenses. (Tr. 90 at 54-55.)

## II.    The Mandatory Victims Restitution Act

The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A(b), aims to ensure that criminal defendants pay "full restitution" to the victims of crime and their surrogates. *Lagos v. United States*, 584 U.S. 577, 583 (2018). The statute defines a "victim" as a person "directly and proximately harmed as a result" of the defendant's offense, 18 U.S.C. § 3663A(a)(2), implying the government must "establish a causal connection between the defendant's offense and the harm to the victim." *United States v. Kennedy*, 643 F.3d 1251, 1260 (9th Cir. 2011) (discussing 18 U.S.C. § 2259). Once a victim has been identified, the MVRA separately requires a defendant to "reimburse" that person for "transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663A(b)(4). It is the government's burden to establish by a preponderance that a person is a victim and the amount of their loss. *United States v. Waknine*, 543 F.3d 546, 555-56 (9th Cir. 2008).

## III.    Private Investigator Fees

A victim may be reimbursed for expenses "incurred during participation *in the investigation* . . . of the offense." 18 U.S.C. § 3663A(b)(4) (emphasis added). "The investigation" in this phrase is limited to "government investigations" and does not generally cover private ones. *Lagos*, 584 U.S. at 581. And because the statute limits restitution to amounts incurred "during" participation in the investigation, "[i]t does not refer to expenses incurred *before* the victim's participation in the government's investigation began." *Id*. at 585.

Here, the government argues that because the family incurred its private investigator fees between two official investigations—*i.e.*, after Gilbert PD's investigation closed but before the DEA's began—that it might meet *Lagos*'s standard. (Doc. 89 at 2-4.) But *Lagos* makes clear the MVRA "does not cover the costs of a private investigation that the victim chooses on its own to conduct," *id.*, which is exactly what happened here. Although the government says there was overlap in the subject matter of the investigations such that Gilbert PD investigators could have been called to testify at a federal trial, it is the *DEA's* investigation that resulted in the prosecution that led to restitution under the MVRA here. Because the family's private investigator fees occurred before that investigation started, *Lagos* squarely applies to bar them. *See id*. And given that the DEA did not ask the family to conduct the investigation or use the report to expend fewer resources of its own, the exception *Lagos* carved out for private investigations "pursued at a government's invitation or request" (and discussed in the Fifth Circuit case the government cited) also does not apply. (Doc. 89 at 2-4 (discussing *United States v. Koutsostamatis*, 956 F.3d 301, 303-06 (5th Cir. 2020).)

Most of the private investigator expenses are not recoverable under the MVRA for an additional reason: they are insufficiently itemized. A court must calculate losses under the MVRA with "some reasonable certainty." *Kennedy*, 643 F.3d at 1263 (simplified). The only itemized investigator expense—and therefore the only one the court could calculate with some reasonable certainty—was $2,750 for the forensic phone download. The case agent testified at the restitution hearing that the DEA had to duplicate that analysis on its own. (Tr. at 38-39.) The court therefore could not find by a preponderance that the victim's family "participat[ed] in the investigation" when they supplied a report the DEA could not use. For multiple reasons, the investigator expenses will not be ordered as restitution.

### IV.    Travel to Canceled Hearing

In addition to amounts incurred while participating in the investigation, the MVRA requires a defendant to "reimburse" victims "for transportation, and other expenses incurred during . . . attendance at proceedings related to the offense." 18 U.S.C.

§ 3663A(b)(4). Lopez argues he should not have to reimburse the victims for their travel costs in flying to Phoenix in February because the judge's family emergency was an intervening cause that meant rescheduling the hearing was not foreseeable to him.

For those losses recoverable under subsection (b)(1), (2), or (3) of § 3663A, a defendant should not be ordered to reimburse a crime victim unless his conduct was the but-for cause of, and not too attenuated from, the loss. *United States v. Swor*, 728 F.3d 971, 974 (9th Cir. 2013); *Kennedy*, 643 F.3d at 1262 (discussing cases reversing restitution awards "where there was an intervening cause, *unrelated to the defendant's offense*, between the defendant's offense and the victim's specific loss.") (emphasis added). But restitution may be awarded where "the defendant created the circumstances under which the harm or loss occurred," even if that loss is one or more steps removed from the criminal conduct. *United States v. Brock-Davis*, 504 F.3d 991, 1001 (9th Cir. 2007) (simplified); *Kennedy*, 643 F.3d at 1262.

It is not clear this foreseeability doctrine applies to subsection (b)(4)'s hearing-attendance clause. The Ninth Circuit cases examining intervening causes arise in the context of calculating a victim's losses as a result of the crime—for example, remediating unrelated asbestos while cleaning a hotel room used as a meth lab, or recovering the full value of property purchased through fraud which was inflated due to an inaccurate environmental report—in contrast to expenses incurred while attending hearings. *See Brock-Davis*, 504 F.3d at 995; *Kennedy*, 643 F.3d at 1262 (citing *United States v. Meksian*, 170 F.3d 1260 (9th Cir.1999)). Other circuits have made this distinction slightly clearer. *See United States v. Razzouk*, 984 F.3d 181, 190 (2d Cir. 2020) ("*In addition to restitution for losses caused by the crime*, the MVRA requires 'reimburse[ment]' to 'the victim for . . . expenses incurred during . . . attendance at proceedings related to the offense.") (emphasis added); *United States v. French*, 357 F. App'x 177, 179 (10th Cir. 2009) (rejecting proximate-cause requirement for hearing expenses because "[t]his argument confuses the question of . . . status of a victim under the Act with . . . which losses that flow from that status are covered by the Act. The Act plainly allows victims to recover

attendance-related losses[.]"). It is undisputed that R.B.'s family are victims under the MVRA and traveled to attend a hearing set because of Lopez's conduct. The MVRA seems to cover these travel expenses without reference to foreseeability.

Even if a foreseeability analysis was built into the travel-expenses reimbursement provision, it would properly be conducted at a high level of generality that would still lead to restitution here. In other words, the relevant question would be "did Lopez's criminal conduct cause the need for a restitution hearing?" as opposed to "was it Lopez or the judge's family emergency that caused the hearing to be canceled?" *See United States v. Babichenko*, No. 1:18-CR-00258-BLW, 2024 WL 3088912, at *3 (D. Idaho June 21, 2024) (ordering reimbursement for attendance expenses because, even without other losses, defendants' conduct directly and proximately caused costs of attending hearings). Lopez's conduct indisputably caused the need for a restitution hearing that the family was entitled to (try to) attend, regardless of the proximate cause of that hearing's cancellation and rescheduling.

Accordingly, the court will order Lopez to reimburse R.B.'s family for the $814 they spent traveling to the canceled February hearing.

## V.    Conclusion

Adding together the $10,373.48 that Lopez does not contest and the $814 for the family's cost of attending the canceled February hearing, the court will enter a final restitution award in the amount of $11,187.48. That amount does not include the family's payments to the private investigator.

/

/

/

/

/

/

/

Accordingly,

**IT IS ORDERED** granting restitution to the family of R.B. in the amount of $11,187.48.

**IT IS FURTHER ORDERED** denying the family's request for $10,933.15 paid to the private investigator.

**IT IS FURTHER ORDERED** the clerk amend the judgment accordingly.

Dated this 30th day of June, 2026.

_Krissa M. Lanham_
**Honorable Krissa M. Lanham**
**United States District Judge**